1

2

3

4

5

6

7

8                                 UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     MUHAMMAD JALAL AKBAR,                          No.  2:23–cv–1547–DAD–KJN PS

12                    Plaintiff,                      FINDINGS AND RECOMMENDATIONS TO
                                                     DISMISS
13          v.
                                                     (ECF Nos. 2, 3.)
14     U.S. GOVERNMENT, at el.,

15                    Defendants.

16

17          Plaintiff, who proceeds without counsel in this action, requests leave to proceed in forma

18     pauperis ("IFP").[1]  (ECF No. 2.)  See 28 U.S.C. § 1915 (authorizing the commencement of an

19     action "without prepayment of fees or security" by a person who is unable to pay such fees).

20     Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

21     See, e.g., Ketschau v. Byrne, 2019 WL 5266889, *1 (W.D. Wash. Oct. 17, 2019) ("A person is

22     eligible if they are unable to pay the costs of filing and still provide the necessities of life . . . This

23     generally includes incarcerated individuals with no assets and persons who are unemployed and

24     dependent on government assistance.").

25          However, the determination that a plaintiff may proceed without payment of fees does not

26     complete the inquiry.  Under the IFP statute, the court must screen the complaint and dismiss any

27     _____

28     [1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to
       E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

                                                     1

1    claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or

2    seek monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).  Further, the federal

3    court has an independent duty to ensure it has subject matter jurisdiction in the case.  See United

4    Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

5            Finally, plaintiff requests counsel be appointed to represent him.  (ECF No. 3.)

6        **I.        Plaintiff's Request to Appoint Counsel**

7            It is "well-established that there is generally no constitutional right to counsel in civil

8    cases."  United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996).  Contrary to plaintiff's

9    contention, the court finds there are no exceptional circumstances warranting the appointment of

10   counsel in this case; additionally, the court finds plaintiff's claim is not unusually complex.

11   Although the court is sympathetic to the difficulties faced by pro se litigants in litigating their

12   own cases in federal court, the court has extremely limited resources to appoint attorneys in civil

13   cases.  Thus, plaintiff's motion for appointment of counsel (ECF No. 3) is denied.

14       **II.       Screening Plaintiff's Complaint**

15       **Legal Standards**

16           A claim may be dismissed because of the plaintiff's "failure to state a claim upon which

17   relief can be granted."  Rule 12(b)(6).  A complaint fails to state a claim if it either lacks a

18   cognizable legal theory or sufficient facts to allege a cognizable legal theory.  Mollett v. Netflix,

19   Inc., 795 F.3d 1062, 1065 (9th Cir. 2015).  To avoid dismissal for failure to state a claim, a

20   complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic

21   recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

22   555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action,

23   supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678

24   (2009).  Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a

25   claim to relief that is plausible on its face."  Id.  "A claim has facial plausibility when the plaintiff

26   pleads factual content that allows the court to draw the reasonable inference that the defendant is

27   liable for the misconduct alleged."  Id.

28   ///

2

1      When considering whether a complaint states a claim upon which relief can be granted,

2  the court must accept the well-pleaded factual allegations as true, <u>Erickson v. Pardus</u>, 551 U.S.

3  89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, <u>see</u> <u>Papasan</u>

4  <u>v. Allain</u>, 478 U.S. 265, 283 (1986).  The court is not, however, required to accept as true

5  "conclusory [factual] allegations that are contradicted by documents referred to in the complaint,"

6  or "legal conclusions merely because they are cast in the form of factual allegations."  <u>Paulsen v.</u>

7  <u>CNF Inc.</u>, 559 F.3d 1061, 1071 (9th Cir. 2009).

8      Pro se pleadings are to be liberally construed.  <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 & n.7

9  (9th Cir. 2010) (liberal construction appropriate even post–<u>Iqbal</u>).  Prior to dismissal, the court is

10  to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it

11  appears at all possible the defects can be corrected.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31

12  (9th Cir. 2000) (en banc).  However, if amendment would be futile, no leave to amend need be

13  given.  <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 339 (9th Cir. 1996).

14  **<u>Analysis</u>**

15      Here, plaintiff's complaint is handwritten and barely legible.  As best the court can tell,

16  plaintiff alleges that he was falsely convicted and falsely imprisoned.  (<u>See</u> ECF No. 1.)  It

17  appears that plaintiff alleges a claim under 42 U.S.C. § 1983, against the following defendants:

18  U.S. Government, Marilyn E. Bednarski (Attorney at Law), Carl E. Douglas (Federal Defender),

19  Mr. Brozid (Federal Prosecutor), Eric Lee Dobberteen (Federal Prosecutor), George Y. Abe

20  (deceased, Forensic Psychiatrist), Andrew Hauk (deceased, Chief U.S. District Judge), Karen Ray

21  Smith (Federal Defender), a 9th Circuit Court of Appeals Judge, President Barack Obama,

22  solicitor general, and eleven unnamed wardens.  (ECF Nos. 1 & 4.)  Plaintiff seeks $45 million in

23  damages, among other relief.  (<u>See</u> <u>Id.</u>)  After review of the complaint and applicable law, the

24  court finds none of plaintiff's claims survive the screening inquiry.

25      First, the U.S. Government is afforded Eleventh Amendment immunity and cannot be

26  sued under 42 U.S.C. § 1983 for money damages.  <u>See</u> <u>Cornel v. Hawaii</u>, 37 F.4th 527, 531 (9th

27  Cir. 2022) (stating that "States or governmental entities that are considered 'arms of the State' for

28  Eleventh Amendment purposes are not 'persons' under § 1983." (citation omitted)).

1    Additionally, judges, prosecutors, and public defenders are afforded absolute immunity and

2    cannot be sued when acting in traditional functions.  See Fry v. Melaragno, 939 F.2d 832, 836

3    (9th Cir. 1991) (reminding "absolute immunity [has been granted] to 'the President, judges,

4    prosecutors, witnesses, and officials performing 'quasi-judicial' functions, and legislators.'"

5    (citation omitted)); see also Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public

6    defender does not act under color of state law when performing a lawyer's traditional functions as

7    counsel to a defendant in a criminal proceeding."); Tower v. Glover, 467 U.S. 914, 920 (1984).

8    Thus, the court finds that defendants President Obama, Carl E. Douglas, Mr. Brozid, Eric Lee

9    Dobberteen, Karen Ray Smith, the 9th Circuit Court of Appeals Judge, solicitor general, and Hon.

10   Andrew Hauk acted within their official judicial functions in plaintiff's conviction and

11   imprisonment.  For this reason, plaintiff's claim to relief against these defendants is barred.

12        Additionally, plaintiff listed eleven different wardens as defendants.  (ECF No. 4.)  None

13   of the wardens were named, they were just listed by location.  (Id.)  It is well established that

14   liability under 42 U.S.C. § 1983 must be based on the personal involvement of each defendant.

15   See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Additionally, liability may not be based

16   on respondeat superior.  See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694

17   (1978).  Here, plaintiff simply listed the wardens without alleging any facts as to their direct

18   involvement in this matter.  Given plaintiff's allegations that he was falsely convicted, his claims

19   against these defendants fail to state a plausible claim under 42 U.S.C. § 1983.

20        Plaintiff also named defendant Marilyn E. Bednarski, who according to the affidavit

21   submitted in support of the complaint was an attorney in private practice who assisted plaintiff in

22   a case involving some VA programs.  (See ECF No. 3.)  Section 1983 claims generally do not lie

23   against a private individual or business entity that does not act under color of state law.  See

24   Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002); see also Simmons v. Sacramento Cnty.

25   Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (explaining that a lawyer in private practice

26   does not act under color of state law).  Based on the complaint, the court finds that attorney

27   Bednarski was acting as private counsel; thus, plaintiff's claim to relief against Marilyn E.

28   Bednarski is not plausible under 42 U.S.C. § 1983.

1    Finally, plaintiff alleges that George Y. Abe violated his rights under 42 U.S.C. § 1983.

2    According to the complaint, Dr. Abe was retained to evaluate and write a report for plaintiff's

3    pretrial competency hearing in the trial that led to plaintiff's conviction.  (See ECF Nos. 1 & 3.)

4    Allegedly, the report was not completed until three days after plaintiff's trial.  (Id.)  Even if the

5    court were to assume that Dr. Abe was not a private individual and acted under the color of law,

6    plaintiff is precluded from bringing a claim against Dr. Abe under the Heck doctrine.  In Heck,

7    Supreme Court established that in cases where a § 1983 action alleges constitutional violations

8    that would necessarily imply the invalidity of the conviction or sentence, the plaintiff must

9    establish that the underlying sentence or conviction has been invalidated on appeal, by a habeas

10   petition, or through some similar proceeding.  See Heck v. Humphrey, 512 U.S. 477, 483–87

11   (1994).  The complaint indicates plaintiff cannot so state; thus, the court finds that the claim

12   against Dr. Abe under 42 U.S.C. § 1983 is Heck barred.

13   Ordinarily, the court liberally grants a pro se plaintiff leave to amend.  See Lopez, 203

14   F.3d at 1130-31.  However, the record shows plaintiff would be unable to cure the above-

15   mentioned deficiencies through further amendment.  Thus, the court concludes that granting leave

16   to amend would be futile.  Cahill, 80 F.3d at 339.

17   **ORDER AND RECOMMENDATIONS**

18   Accordingly, IT IS HEREBY ORDERED that:

19      1.  Plaintiff's IFP application is GRANTED; and

20      2.  Plaintiff's Request For Appointment of Counsel is DENIED.

21   Further, it is RECOMMENDED that:

22      1.  This action be dismissed with prejudice; and

23      2.  The Clerk of the Court be directed to close this case.

24   These findings and recommendations are submitted to the United States District Judge assigned to

25   the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after

26   being served with these findings and recommendations, plaintiff may file written objections with

27   the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

28   Recommendations."  Plaintiff is advised that failure to file objections within the specified time

5

may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455

(9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  September 27, 2023

_____

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

SD/AZ, akba.1547